**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA HOWE; L. JANI
SHEPPARD; CAROL MORGAN,

Plaintiffs-Appellants,

v.

COUNTY OF MENDOCINO; TAMMY
MOSS CHANDLER; WILLIAM
SCHURTZ; SHARON CONVERY;
KATHERINE FENGELR,

Defendants-Appellees.

No. 21-16665

D.C. No. 1:21-cv-00935-RMI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

Submitted August 29, 2022[**]
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Barbara Howe, L. Jani Sheppard, and Carol Morgan appeal from the district court's grant of the 12(b)(6) motion to dismiss of Defendants County of Mendocino, Tammy Moss Chandler, William Schurtz, Sharon Convery, Katherine Fengler, and 70 unknown individuals. Plaintiffs allege, under 42 U.S.C. § 1983, that Defendants' actions during the course of Plaintiffs' employment by the Mendocino County Health and Human Services ("HHSA") violated Plaintiffs' rights under the First Amendment and Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the grant of a Rule 12(b)(6) motion de novo. *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is met where the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

1. Plaintiffs argue that Defendants retaliated against them in violation of the First Amendment for engaging in protected speech. In order to state a claim of

retaliation, Plaintiffs bear the burden to show that they (1) "spoke on a matter of public concern," (2) "spoke as . . . private citizen[s]" rather than as "public employee[s]," and (3) that their "protected speech was a substantial or motivating factor in the adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Plaintiffs fail to carry their burden as to the second requirement. All of Plaintiffs' allegedly protected conduct related to and occurred as a consequence of their official duties as HHSA employees. Howe disparaged Chandler, her supervisor, at a training day organized and run by HHSA that she attended as part of her duties as Assistant Director of HHSA. Howe and Sheppard refused to amend an employee performance review in defiance of Schurtz's and Chandler's explicit directives. Sheppard repeatedly disparaged Chandler at monthly meetings with County partners, and she defied Chandler's repeated prohibition on communicating with members of the County Board of Supervisors. Morgan refused to comply with Convery's instruction to fill out a pro forma questionnaire. Plaintiffs thus spoke as public employees. Their speech is therefore not protected by the First Amendment. *Id.* at 1071 (holding that conduct is not protected where it is "the product of 'performing the tasks the employee was paid to perform'" (quoting *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1127 n.2

3

(9th Cir. 2008))); *see Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."). The district court did not err in dismissing Plaintiffs' First Amendment claims.

2. Plaintiffs argue that Defendants deprived them of protected property interests without due process of law in violation of the Fourteenth Amendment. "A 'procedural due process claim hinges on proof of two elements: (1) a protectible liberty or property interest . . . ; and (2) a denial of adequate procedural protections.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998)).

Plaintiffs fail to plead sufficient facts to state a due process claim because they fail to identify what process was allegedly due and not provided. Following repeated acts of insubordination, Howe took advantage of the opportunity to resign in lieu of formal termination and Sheppard was demoted. Morgan was simply passed over for a promotion and subsequently resigned from her position. None of these occurrences rises to a denial of procedural protections for a protectable property interest. The complaint thus "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory" to state a due process claim. *Mendiondo*

4

*v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  The district court did not err in dismissing Plaintiffs' due process claims.

3.  Plaintiffs argue that non-County Defendants discriminated against them on the basis of age, race, and sexual orientation in violation of their right to equal protection under the Fourteenth Amendment.  "To state a § 1983 claim for violation of the Equal Protection Clause, '[Plaintiffs] must show that [Defendants] acted with an intent or purpose to discriminate against [Plaintiffs] based upon membership in a protected class.'"  *Thornton*, 425 F.3d at 1167 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)).

The complaint contains numerous conclusory allegations of discriminatory intent by Defendants against Plaintiffs, but it fails to plead sufficient facts in support of such allegations.  These conclusory allegations do not suffice to state an equal protection claim.  *See Iqbal*, 556 U.S. at 678.  The district court did not err in so holding.

4.  To state a § 1983 claim against the County, Plaintiffs bear the burden to show that the County's employees or agents acted pursuant to an official custom, pattern, policy, or practice that violates Plaintiffs' rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  Plaintiffs fail to identify any policy that, when effected by County employees or agents, deprived them of constitutional

5

rights. The core of Plaintiffs' *Monell* claims appears to be that the County had a policy of letting its agents and employees commit constitutional violations without repercussion. Such allegations suffice to state a claim for municipal liability provided that the alleged actions of County employees do, in fact, amount to constitutional violations. See *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) ("A section 1983 plaintiff may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded."). However, because Plaintiffs fail to plead sufficient facts that amount to a constitutional violation, they also fail to state a *Monell* claim, and dismissal of the claims against the County was proper.

      **AFFIRMED.**